UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HAROLD COLACCI,

      Plaintiff,         CIVIL ACTION NO. 02-CV-74985-DT

  v.                DISTRICT JUDGE DENISE PAGE HOOD

                   MAGISTRATE JUDGE DONALD A. SCHEER

COMMISSIONER OF
SOCIAL SECURITY,

      Defendant.
_____/


**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**RECOMMENDATION**: Plaintiff's Petition for Attorney Fees, pursuant to 42 U.S.C. 406(b)(1), should be GRANTED, because the requested payment was reasonable for the services rendered in successfully representing a disability claimant before this Court.

\* \* \*

Plaintiff filed an application for Social Security Supplemental Security Income (SSI) benefits on May 17, 1999, and Disability Insurance Benefits (DIB) on January 4, 2000, alleging that he had become disabled and unable to work on October 4, 1999, at age 38, due to severe joint pain as well as anxiety and depression. Benefits were denied by the Social Security Administration. A requested de novo hearing was held on April 3, 2001, before Administrative Law Judge (ALJ) William Musseman. The ALJ found that the claimant retained the residual functional capacity to perform a limited range of sedentary work activity

providing a sit-stand option and requiring no walking without the use of crutches, no pushing or pulling, no working above chest level or below the waist, and no repetitive bending, squatting, kneeling, crawling or climbing. The Law Judge further restricted Plaintiff to simple, routine jobs involving only one or two steps. Plaintiff could also have no more than occasional interaction with the public and minimal supervision. The Appeals Council declined to review that decision and Plaintiff commenced the instant action for judicial review of the denial of benefits.

Pursuant to an Order of Reference, I submitted a Report and Recommendation, on August 27, 2003, finding that substantial evidence did not exist on the record supporting the Commissioner's decision that Plaintiff had retained the residual functional capacity to perform a significant number of sedentary jobs providing a sit-stand option and limited contact with the public. Given the medical evidence from long time treating physicians that the claimant suffered from severe joint pain and mental depression that prevented him from performing substantial gainful activity, I recommended that the case be remanded to the Commissioner for a computation of benefits to which claimant is entitled.

The Court adopted the Report and Recommendation on September 25, 2003, and ordered the case remanded to the Commissioner for a computation of Social Security disability benefits. On April 30, 2007, Plaintiff filed a Petition for Attorney Fees, pursuant to 42 U.S.C. 406(b)(1), seeking five thousand dollars from claimant's retroactive benefits. This amount

represented less than 25 percent of the back benefits payable under the U.S.C. § 406(b).

The defendant filed his response to the petition on May 16, 2007, stating that the government had no objection to the attorney fee request. The fee application was referred to the undersigned magistrate judge, on May 8, 2007, for a report and recommendation.

The Social Security Act states that when a disability claimant is successful in Federal Court, the court may authorize payment of reasonable attorney fees up to 25 percent of the claimant's back-due benefits. 42 U.S.C. § 406(b)(1). The government has no objection to the fee petition seeking five thousand dollars ($5000.00), which represents less than 25 percent of the claimant's retroactive benefits. Accordingly, I recommend that the petition be GRANTED as a reasonable attorney fee for the legal services rendered in successfully representing this disability claimant before this Court.

**NOTICE TO PARTIES REGARDING OBJECTIONS:**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991). Filing

of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. **Smith v. Detroit Fed'n of Teachers Local 231**, 829 F.2d 1370, 1373 (6th Cir. 1987), **Willis v. Secretary of HHS**, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to Rule 72.1 (d)(2) of the **Local Rules of the United States District Court for the Eastern District of Michigan**, a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Donald A. Scheer_____<br>
DONALD A. SCHEER<br>
UNITED STATES MAGISTRATE JUDGE

DATED: July 13, 2007

cc: Honorable Denise Page Hood
    Lewis M. Seward
    Janet Parker